Citation Nr: 1719256 
Decision Date: 05/06/17 Archive Date: 06/06/17

DOCKET NO. 13-24 471 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUES

1. Entitlement to service connection for bilateral tennis elbow, status post bilateral excision of ganglion cyst.

2. Entitlement to service connection for a lumbar spine disorder.

3. Entitlement to service connection for a left knee disorder.

4. Entitlement to service connection for a right knee disorder.

5. Entitlement to service connection for chronic obstructive pulmonary disease (COPD), as due to exposure to environmental hazards.

6. Entitlement to service connection for hypertension, as due to exposure to environmental hazards.

7. Entitlement to service connection for a hiatal hernia, as due to exposure to environmental hazards.

8. Entitlement to service connection for coronary artery disease (CAD), as due to exposure to environmental hazards.

9. Entitlement to service connection for severe carotid stenosis with history of cerebrovascular accident (CVA) and status post left and right carotid endarterectomy.

10. Entitlement to service connection for small cell lung cancer.


REPRESENTATION

Veteran represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Veteran & C.M.


ATTORNEY FOR THE BOARD

L. Edwards Andersen, Counsel



INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran had active service from March 1968 to March 1970. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia.

A March 2012 rating decision denied entitlement to service connection for a bilateral knee disorder, a bilateral elbow disorder, and a low back disorder. A notice of disagreement was received in March 2012, a statement of the case was issued in August 2013, and a VA Form 9 was received in August 2013.

A March 2013 rating decision denied entitlement to service connection for COPD, hiatal hernia, severe carotid stenosis, hypertension, small cell lung cancer, and a heart disorder. A notice of disagreement was received in June 2013, a statement of the case was issued in August 2013, and a VA Form 9 was received in August 2013.

The Veteran requested a hearing before the Board. The requested hearing was conducted in March 2017 by the undersigned Veterans Law Judge. A transcript is associated with the claims file.

The issues of entitlement to service connection for a right knee disorder, COPD, hypertension, a hiatal hernia, CAD, severe carotid stenosis, and small cell lung cancer are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).



 (CONTINUED ON NEXT PAGE)


FINDINGS OF FACT

1. The Veteran's bilateral tennis elbow, status post bilateral excision of ganglion cyst, is causally or etiologically due to service.

2. The Veteran's lumbar spine disorder is causally or etiologically due to service.

3. The Veteran's left knee disorder is causally or etiologically due to service.


CONCLUSIONS OF LAW

1. Service connection for bilateral tennis elbow, status post bilateral excision of ganglion cyst, is established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. § 3.303 (2016).

2. Service connection for a lumbar spine disorder is established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. § 3.303 (2016).

3. Service connection for a left knee disorder is established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. § 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2016). 

In this case, the Board is granting in full the benefits sought on appeal. Consequently, the Board finds that any lack of notice and/or development, which may have existed under the VCAA, cannot be considered prejudicial to the Veteran, and remand for such notice and/or development would be an unnecessary use of VA time and resources.

II. Service Connection Claims

The Veteran seeks entitlement to service connection for bilateral tennis elbow, a lumbar spine disorder, and a left knee disorder. He asserts these disorders are due to climbing in and falling out of tanks.

Applicable Laws

The Board notes that it has thoroughly reviewed the record in conjunction with this case. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). Rather, the Board's analysis below will focus specifically on what the evidence shows, or fails to show, on the claims. See Timberlake v. Gober, 14 Vet. App. 122, 129 (2000).

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303 (a). 

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table); see also Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303. 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To do so, the Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence that it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the Veteran. See Masors v. Derwinski, 2 Vet. App. 181 (1992). 

Analysis

Initially, the Board notes that the Veteran has current diagnoses of bilateral tennis elbow, status post bilateral excision of ganglion cyst (see November 2004 and June 2011 private treatment notes), degenerative disc disease of the lumbar spine (see October 2012 VA magnetic resonance image (MRI)), and degenerative changes of the left knee with loss of medial cartilage (see February 2017 VA treatment note). As such, element (1) under Shedden, current diagnosis, is met.

Second, the Veteran has testified that he repeatedly injured his elbows, low back, and left knee during service while serving in tanks. See March 2017 BVA Hearing Transcript, pages 3-7. The Board finds his statements to be credible, as there is internal consistency, facial plausibility, and consistency with other evidence submitted on behalf of the claimant. See Caluza v. Brown, 7 Vet. App. 498 (1995). 

In this regard, the Veteran has consistently reported that he experienced bilateral elbow, low back and left knee injuries as a result of his military occupational specialty (MOS). The Veteran's DD-214 confirms that he was an armor crewman. Additionally, the Veteran's VA physician indicated that the Veteran reported his symptoms began during service. See e.g. August 2012 and March 2017 VA treatment notes. The Board notes that statements made for the purposes of medical treatment may be afforded greater probative value because there is a strong motive to tell the truth in order to receive proper care. See Rucker v. Brown, 10 Vet. App. 67, 73 (1997); see also Caluza v. Brown, 7 Vet. App. 498 (1995) (VA may consider factors including interest, bias, and inconsistent statements in determining the credibility of a witness). Therefore, the Board finds that element (2) under Shedden is met.

As for element (3), nexus, the Board finds the evidence of record indicates the Veteran's bilateral elbows, low back and left knee are casually or etiologically due to service. In an August 2012 VA treatment note, the Veteran's treating physician stated that the Veteran's back and knee pain were most likely due to the repeated stress from climbing on and off of the tanks in the military, as well as carrying heavy boxes of shells. Similarly, in a February 2017 VA treatment record, the Veteran's treating physician stated that the Veteran has had chronic bilateral elbow and left knee pain since his time in service where he worked as a tank gunner. The examiner opined that the Veteran's bilateral elbow disorder and left knee disorder were chronic conditions and more likely than not were caused by his job duties as a tank instructor during service. 

The Board finds no adequate basis to reject the evidence of record that is favorable to the Veteran, based on a lack of credibility or probative value. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997); Evans v. West, 12 Vet. App. 22, 26 (1998). Resolving all doubt in the Veteran's favor, based on the available post-service medical and lay evidence, the Board finds that the evidence indicates the Veteran's current bilateral elbow disorder, low back disorder and left knee disorder had an onset during service. As such, the Veteran's service-connection claims for these issues are granted.


ORDER

Entitlement to service connection for bilateral tennis elbow, status post bilateral excision of ganglion cyst, is granted.

Entitlement to service connection for a lumbar spine disorder is granted.

Entitlement to service connection for a left knee disorder is granted.


REMAND

The Veteran seeks entitlement to service connection for a right knee disorder, COPD, hypertension, a hiatal hernia, CAD, severe carotid stenosis and small cell lung cancer.

Unfortunately, a remand is required in this case. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. 

First, the Veteran stated that he receives Social Security disability benefits. See March 2005 statement. Unfortunately, no records regarding the Veteran's application/award of Social Security disability benefits are associated with the claims file. VA shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate his or her claim for benefits under the laws administered by the VA. See 38 U.S.C.A. § 5103A. This assistance specifically includes obtaining all relevant Social Security Administration (SSA) records. 38 U.S.C.A. § 5103A (c)(3); Murincsak v. Derwinski, 2 Vet. App. 363 (1993). On remand, all available Social Security disability records should be obtained.

Additionally, the record indicates that there may be relevant VA treatment records that have not yet been obtained. See Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim). Specifically, a February 2017 VA treatment note refers to previous x-rays, an MRI, and orthopedic consultation notes that are not located in the claims file. These missing pages may contain medical information pertinent to the Veteran's claims. On remand, these records, as well as any additional records not yet associated with the file, should be obtained and associated with the claims file. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Social Security Administration and obtain any administrative decisions and all medical records used in adjudicating the Veteran's claim for disability benefits. 

Once obtained, all documents must be permanently associated with the claims file. 

If these records are unobtainable, a negative reply must be noted in writing and associated with the claims file.

2. Obtain all outstanding VA treatment records, to include radiology reports and orthopedic consultations currently missing from the file.

If the AOJ cannot locate such records, the AOJ must specifically document the attempts that were made to locate them, and explain in writing why further attempts to locate or obtain any additional VA treatment records would be futile. 

The AOJ must then: (a) notify the claimant of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claims. The claimant must then be given an opportunity to respond.

3. After all of the above actions have been completed and the Veteran has been given adequate time to respond, readjudicate his claims. 

If the claims remain denied, issue to the Veteran a supplemental statement of the case, and afford the appropriate period of time within which to respond thereto.

4. Thereafter, the case should be returned to the Board, if in order. The Board intimates no opinion as to the ultimate outcome of this case.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs